Nathan B. Sobel, S.
The “ descendants ” have elected to contest the charitable dispositions in Mrs. Genna’s will. Since she died on May 14,1967, the provisions of section 17 of the Decedent Estate Law determine whether the dispositions to charity made by testatrix exceed the maximum permissible by law, i.e.,1 ‘ more than one-half part of his or her estate, after the payment of his or her debts
*680 Objections have been filed by the contestants to the account. As amended by the executor, instructions by the court are now required to determine the share of the charities and of the contestants. With respect to the method of computation in this estate the computation is the same under section 17 of the Decedent Estate Law as it would be under EPTL 5-3.3.
The computation required is here presented in its simplest form. Mrs. Genna made general dispositions of $3,003. The residue of the estate she left outright to two charitable beneficiaries to be shared equally. There are here no problems of “ postponements ” of the charitable disposition to let in an intervening estate which have disturbed the courts in the past (see Matter of Mayers, 299 N. Y. 388).
The court makes the following directions with respect to the computation. All computations are made as of the date of death.
Gross total estate........................ $42,267
Debts of decedent....................... 3,559
Total value of assets................. $38,708
One-half maximum to charity............. $19,354
Balance of estate........................ $19,354
The decedent’s net worth after debts is $38,708. The maximum permissible charitable disposition she may make is one half that sum or $19,354. The remaining $19,354 is required to pay all other dispositions ($3,003) and all administration expenses (Sched. C — $8,115; Sched. I — Comm. $1,885; total $10,000).
BASIC COMPUTATION
Assets after debts....................... $38,708
Other dispositions .................... $ 3,003
Admin, expenses ..................... 10,000 13,003
Residuary estate (at date of death)....... $25,705
Maximum for charity.................... 19,354
Balance to distributees.................. $ 6,351
ALTERNATIVE COMPUTATION
Balance of estate after maximum to charity $19,354
Other dispositions .................... $ 3,003
Admin, expenses ..................... 10,000 13,003
Balance to distributees.................. $ 6,351
*681 TOTAL SUMMARY
Total estate (at date of death)............ $42,267
Less: Debts ........................ $ 8,559
General dispositions ........... 8,003
Admin, expenses .............. 10,000
Charity share ................. 19,354
Distributees’ share ............ 6,351
Total........................ $42,267
The more difficult question is what to do with income (or increases or losses) during administration. As noted above, all computations are based on net assets as of date of death.
No statute governs the disposition of income. The provision in section 17 of the Decedent Estate Law, 1 ‘ no allowance # # • £or any interest or gains or losses ” applied only to “ postponed ” dispositions and has been held to be meaningless. (Matter of Mayers, 299 N. Y. 388, supra.)
In the absence of statute all income, gains and losses are those of the residuary. When a charitable disposition is also a residuary disposition, as such residuary it benefits from gains and suffers all losses during administration. When the total residuary disposition to the charity exceeds the permissible maximum, then the balance of the residuary, if any, lapses because testator failed to make a valid disposition of such excess. Under section 17 of the Decedent Estate Law (cf. EPTL 5-3.3) the excess is shared as intestate property by all distributees.
Ordinarily, total residuary dispositions are determined as of date of distribution. Under the cases dealing with section 17, both the maximum charitable disposition and the excess (in intestacy) are determined as of the date of death. Before distribution the residuary will generally be increased by income earned, on total assets during administration. Who shares in such income?
The preferred rule is the “ ratable ” rule of Matter of Mayers (189 Misc. 700, affd. 274 App. Div. 918, affd. 299 N. Y. 388). This rule should apply whether payment of the respective shares is “ postponed ” to let in an intervening estate or postponed solely for general administration purposes. It should be noted that the Mayers ratable rule was not required by statute — indeed it was applied contrary to statute because it was essentially fair. So, too, it should be applied here.
Turning back to the basic computation (supra), it will be observed that the residuary estate at date of death was $25,705. *682 The charitable share ($19,354) and the intestate share ($6,351) shall share proportionately in all income, increases and losses in the proportion which each share bears to the residuary estate at date of death, viz., 19/25ths (approx.) to the charity and 6/25ths (approx.) to the distributees. In practical effect, the “ ratable ” method brings the residuary computation from date of death to date of distribution.
There should be no estate tax payable in this estate. If there should be, it will be charged solely against the general dispositions ($3,003) and the intestate share of the distributees ($6,351) proportionately (EPTL 2-1.8).